UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-04007 AHM (SSx) | | Date | June 3, 2008 |
|---|---|---|---|---|
| Title | EVANSTON INSURANCE COMPANY v. RUSSELL ASSOCIATES et al. | | | |

| Present: The Honorable | A. Howard Matz | | |
|---|---|---|---|
| Stephen Montes | | N/A | |
| Deputy Clerk | | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| No Appearance | | No Appearance | |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

## I.  INTRODUCTION

The matter before the Court is the motion of Defendants and Third-Party Plaintiffs Russell Associates LLC, Landmark Equity Management, Inc. and Darren Stern ("Russell Defendants") to stay this action pending the resolution of two underlying state court actions.

In November 2005, tenants of a property owned by the Russell Defendants sued the Russell Defendants in Los Angeles Superior Court for breach of the implied warranty of habitability, nuisance, violation of statutory duties, and negligent maintenance of the property. *Mendoza v. Positive Investments, Inc., et al.* (Case No. BC343415). That lawsuit recently settled, but an issue of attorney's fees remains unresolved.

In July 2006, additional tenants sued the Russell Defendants in the same court for breach of the warranty of habitability, breach of the covenant of quiet enjoyment, nuisance, negligent and intentional infliction of emotional distress, negligent maintenance of the property, fraud, unfair business practices, violations of the Los Angeles Municipal Code, declaratory relief, and violations of the Racketeer Influenced and Corrupt Organizations Act. *Flores v. Stern, et al.* (Case No. BC356138). The *Flores* plaintiffs sued the Russell Defendants for damages arising from uninhabitable conditions at the subject property and for fraud arising from written agreements entered into by the tenants to vacate the property because of renovations. After several continuances, this lawsuit is now scheduled for trial on July 28, 2008.

On or about September 26, 2005, Plaintiff Evanston Insurance Company

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-04007 AHM (SSx) | | Date | June 3, 2008 |
|---|---|---|---|---|
| Title | EVANSTON INSURANCE COMPANY  v. RUSSELL ASSOCIATES et al. | | | |

("Evanston") issued Russell Associates LLC a commercial general liability insurance policy. (Compl. ¶ 11.) In March 2006, Evanston gave notice to Russell Associates LLC that it was cancelling the policy. In April 2006, Evanston issued a second policy but cancelled that policy in December 2006. Evanston is providing part of the defense for the Russell Defendants in the underlying state court actions-- *i.e.*, *Mendoza* and *Flores*-- under a reservation of rights.

On June 20, 2007, Evanston filed this action against the Russell Defendants for rescission of both insurance policies it issued to them, for reimbursement of defense fees it has paid on their behalf, and for a judicial declaration as to its duty to defend or indemnify them in the underlying actions. On April 14, 2008, the Russell Defendants filed a Second Amended Third Party Complaint against Wang Ming-Ruoh, Jiun Shiaw Wang, March Insurance Services, and Cambridge General Agency, Inc. for contribution and indemnification.[1]

The Russell Defendants have moved to stay this action pending the resolution of the *Flores* and *Mendoza* actions. The Russell Defendants argue that the factual issues in the two actions overlap with this action and turn on similar issues, that their attorneys are fighting a "two-front battle" against Evanston and the tenant-plaintiffs in the state actions, that discovery in this action could prejudice them in *Flores*, and that there is a risk that they could be collaterally estopped from contesting issues in that action. The Court disagrees. For the following reasons, the Court DENIES the motion.[2]

## II. LEGAL STANDARD

In *Montrose Chemical Corp. v. Superior Court*, 6 Cal.4th 287 (Cal. 1993)

---

[1] Third Party Defendant Cambridge General Agency, Inc. filed a notice of joinder to Evanston's opposition to this motion. Cambridge General Agency, Inc. requests that the Court decide its motion to dismiss the Third Party Complaint, which is under submission, regardless of the Court's ruling on the motion to stay. Third Party Defendants Wang Ming-Ruoh, Jiun Shiaw Wang, and March Insurance Services also filed a brief in opposition to the motion to stay, arguing that they have a compelling interest in moving this case to its earliest resolution.

[2] Dkt. No. 77.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-04007 AHM (SSx) | Date | June 3, 2008 |
|---|---|---|---|
| Title | EVANSTON INSURANCE COMPANY v. RUSSELL ASSOCIATES et al. | | |

("*Montrose I*"), the California Supreme Court summarized the general principles which trial courts should apply when a declaratory relief action is brought to determine coverage issues while the underlying claim on which the coverage dispute centers is still pending. The Court stated:

> To eliminate the risk of inconsistent factual determinations that could prejudice the insured, a stay of the declaratory relief action pending resolution of the third party suit is appropriate when the coverage question turns on facts to be litigated in the underlying action. For example, when the third party seeks damages on account of the insured's negligence, and the insurer seeks to avoid providing a defense by arguing that its insured harmed the third party by intentional conduct, the potential that the insurer's proof will prejudice its insured in the underlying litigation is obvious. This is the classic situation in which the declaratory relief action should be stayed. By contrast, when the coverage question is logically unrelated to the issues of consequence in the underlying case, the declaratory relief action may properly proceed to judgment.

6 Cal.4th at 302 (internal citations omitted).

In *Montrose Chemical Corp. v. Superior Court (Canadian Universal Ins. Co.)*, 25 Cal.App.4th 902, 908 (Cal. App. 1994) ("*Montrose II*"), which involved the same parties as in *Montrose I*, the issue before the California Court of Appeal was "whether the coverage questions are logically unrelated (that is, irrelevant) to the issues of consequence in the [underlying] cases so that they could be determined in the declaratory relief action without prejudice to [the insured] in the underlying actions." The Court concluded that on the record before it, it was impossible to answer that question. *Id.* The court held that the trial court erred in setting the case for trial before the underlying third party lawsuits were resolved without making certain necessary determinations. *Id.* The court stated that:

> When the courts talk about prejudice to the insured from concurrent litigation of the declaratory relief and third party actions, they are saying, in effect, that the insurer must not be permitted to join forces with the plaintiffs in the underlying actions as a means to defeat coverage. Another sort of prejudice occurs when the insured is compelled to fight a two-front war,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-04007 AHM (SSx) | | Date | June 3, 2008 |
|---|---|---|---|---|
| Title | EVANSTON INSURANCE COMPANY  v. RUSSELL ASSOCIATES et al. | | | |

> doing battle with the plaintiffs in the third party litigation while at the same time devoting its money and its human resources to litigating coverage issues with its carriers.  And, of course, there is the collateral estoppel issue.  If the declaratory relief action is tried before the underlying litigation is concluded, the insured may be collaterally estopped from relitigating any adverse factual findings in the third party action, notwithstanding that any fact found in the insured's favor could not be used to its advantage.
>
> Notwithstanding this emphasis on the potential prejudice to [the insured], the trial court must consider the burden on the carriers.  They have paid millions of dollars for defense costs and they must continue to pay until the underlying actions are resolved unless, of course, they are allowed to litigate the indemnity issues.  In a case where there is no potential conflict between the coverage issues and the issues in the third party action, the carrier may obtain an early trial date in the coverage action and, if it wins, that is the end of its duty to defend . . . .
>
> For this reason, the trial court should not hesitate to fashion orders which attempt to balance these conflicting concerns.

*Id.* at 909-10 (internal citations omitted).  *See also Haskel, Inc. v. Superior Court*, 33 Cal.App.4th 963 (Cal. App. 1995) (directing the trial court to issue an order staying all discovery in the action pending a factual determination by the trial court as to whether any pending discovery by the insurers was so logically related to the issues in the underlying action that further pursuit of that discovery would have prejudiced the insureds' interests in that action).

## III.   DISCUSSION

The parties agree that the question at issue is whether the issues in this action are logically unrelated to the issues of consequence in *Flores* so that they could be determined without prejudice to the Russell Defendants in the underlying actions.

The complaint in *Flores* alleges that substandard conditions rendered the subject property uninhabitable and caused the tenants physical and mental injuries.  It also alleges that the Russell Defendants commenced major renovations without complying

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-04007 AHM (SSx) | | Date | June 3, 2008 |
|---|---|---|---|---|
| Title | EVANSTON INSURANCE COMPANY v. RUSSELL ASSOCIATES et al. | | | |

with provisions of the Los Angeles Municipal Code and fraudulently induced the tenants to vacate their apartments for relocation payments that were less than amounts required by the Municipal Code.

Evanston's complaint alleges that in their applications for both Evanston insurance policies, the Russell Defendants "misrepresented and concealed material information," including the cancellation of another policy by their prior insurer and notice from the City of Los Angeles of deficiencies at the property that could give rise to a lawsuit. Compl. ¶ 41. Evanston contends that due to the Russell Defendants' alleged fraudulent procurement of the insurance policies, Evanston is entitled to rescission of both policies, reimbursement of defense payments it has made on their behalf, and a judicial declaration that it does not owe a duty to defend or indemnify the Russell Defendants in the underlying actions.

Unlike the plaintiffs in *Flores*, Evanston does not need to prove that uninhabitable conditions actually existed or harmed those tenants but that the Russell Defendants were aware of and failed to disclose such allegations when the Russell Defendants applied for insurance coverage. Further, there are many additional allegations in the *Flores* and *Evanston* complaints that are unrelated to the other action, including the Russell Defendants' alleged failure to disclose another insurer's cancellation of a prior policy and the Russell Defendants' alleged violation of provisions of the Los Angeles Municipal Code with respect to renovations. Even the Russell Defendants concede that "the legal theories pursued by Evanston and the tenants are distinct," while arguing that factual issues overlap. Reply at p.2.

Moreover, the Russell Defendants have failed to establish that this case cannot proceed without prejudicing them in *Flores*. The deadline for completing discovery in the *Flores* action was March 14, 2008. The non-expert discovery cut-off in this action is January 26, 2009 and trial is scheduled for May 5, 2009. Given that *Flores* is scheduled to be tried on July 28, 2008, there is little risk that this action will be tried before *Flores* or that the Russell Defendants will be collaterally estopped from relitigating any factual findings from this action in *Flores*. In addition, the Russell Defendants fail to identify a single discovery request that the *Flores* plaintiffs could allegedly use to the detriment of the Russell Defendants. Rather, it appears that much of the information that Evanston's written discovery seeks is either irrelevant to *Flores* (such as information on the Russell Defendants' preparation and submission of the applications for insurance coverage) or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-04007 AHM (SSx) | Date | June 3, 2008 |
|---|---|---|---|
| Title | EVANSTON INSURANCE COMPANY  v. RUSSELL ASSOCIATES et al. | | |

duplicative of discovery already produced in *Flores* (such as the history of inspections and tenant complaints in connection with the subject property).

Similarly, the Russell Defendants have failed to establish that this action will prejudice them in *Mendoza*. In *Mendoza*, discovery has closed and the case has settled. This action will likely have no impact on the unresolved issue of attorney's fees.

Nevertheless, Evanston asserts that if specific disputes over discovery arise, "[s]uch disputes can be easily addressed on an individual basis and, where appropriate, be resolved by redrafting the request, withdrawing the request, entering into a confidentiality agreement, bringing a motion, or by some other means." Opp'n. at p.17. Thus, if it appears later that proceedings in this action will indeed likely prejudice the Russell Defendants in the underlying actions, the Court will entertain a motion or (preferably) a stipulation for a confidentiality or protective order to restrict the dissemination of any information contained in the Russell Defendants' discovery responses. *See Haskel*, 33 Cal.App.4th 963 (Cal. App. 1995) (approving of the trial court's issuance of a "properly drafted confidentiality order [if it] will be adequate to fully protect [the insured] from any prejudice to its interests in the underlying action").

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES the Russell Defendants' motion to stay this action.

|  | : |
|---|---|
| Initials of Preparer | SMO |