1 Jeffrey S. Bolender (Bar No. 174423)
2 Daniel F. Sanchez (Bar No. 078015)
  Bolender & Associates,
3 A Professional Law Corporation
  2601 Airport Drive, Suite 360
4 Torrance, CA 90505
  Telephone: (310) 784-2443
5 Facsimile: (310) 784-2444

6
7 Attorneys for Plaintiff,
  EVANSTON INSURANCE COMPANY

8

**FILED**
CLERK, U.S. DISTRICT COURT
NOV 1 3 2008
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

*NOTE CHANGES MADE BY THE COURT*

9                    **UNITED STATES DISTRICT COURT**

10         **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

11

| | |
|---|---|
| 12 EVANSTON INSURANCE COMPANY, | Case No. CV 07-4007-AHM (SSx) |
| 13 an Illinois corporation, | |
| | [~~PROPOSED~~] **STIPULATED** |
| 14              Plaintiff, | **PROTECTIVE ORDER RE** |
| | **CONFIDENTIALITY** |
| 15 vs. | |
| 16 RUSSELL ASSOCIATES, LLC, a | |
| 17 California limited liability company; LANDMARK EQUITY | |
| 18 MANAGEMENT, INC., a | Date      : n/a |
| California corporation; | Time      : n/a |
| 19 DARREN STERN, an individual; | Courtroom : 14 |
| and DOES 1 - 500, | Judge     : Hon. A. |
| 20 | Howard Matz |
| 21              Defendants. | Compl. Filed : June 20,2007 |
| 22 | Trial Date   : May  , 2009 |

23

24                  **All future** discovery filings shall
25               **include** the following language
26                    **on the cover** page:
27                "**[Referred to Magistrate** Judge
                      **Suzanne H. Segal]**"

28

                                                                1

BOLENDER & ASSOCIATES
A Professional Law Corporation
2601 Airport Dr., Suite 360
Torrance, CA 90505

RUSSELL ASSOCIATES, LLC, a
Nevada Liability Company;
LANDMARK EQUITY MANAGEMENT,
INC., a California
Corporation; DARREN STERN, an
individual,

        Third Party Plaintiffs,

vs.

WANG MING-RUOH, an individual
doing business as MARCH
INSURANCE SERVICES; JIUN
SHIAW WANG, an individual
doing business as MARCH
INSURANCE SERVICES; MARCH
INSURANCE SERVICES, an entity
of unknown type; CAMBRIDGE
GENERAL AGENCY, a California
Corporation; and ROES 1
through 500,

        Defendants.

    The parties to the above-captioned Action recognize that during the Action disclosure may be sought of certain information as defined herein which a party to the Action or a third party may believe should be protected in the manner of its disclosure, and recognize the need to establish a mechanism to effect such protection.

    Upon stipulation of the parties, pursuant to this Court's Order Re:  Protective Orders and Treatment of Confidential Information dated April 22, 2008, and good cause being shown,

IT IS HEREBY ORDERED that this protective order shall govern the disclosure of certain information as defined in Section I.(b) herein, belonging to or provided in the Action by any party to the Action or any third party.

I.   DEFINITIONS ......................................5

II.  DESIGNATION OF MATERIALS ...........................9

     A.  Two Levels of Designation .......................9

     B.  Signatory Parties Able to Designate ............9

     C.  Manner of Designating Documents and Things .....10

     D.  Manner of Designating Depositions .............11

     E.  Multiple Party Designations ...................11

     F.  Inadvertent Failure to Designate ..............12

     G.  Legal Effect of Designation ...................12

III. DISCLOSURE OF CONFIDENTIAL INFORMATION ...........13

     A.  Lower-Sensitivity Information ("Confidential") .13

     B.  Higher-Sensitivity Information ("For Counsel

         Only") ........................................14

     C.  Inside Counsel ................................15

D.  Outside Experts and Consultants ................15

E.  Recordkeeping ...................................16

IV.  HANDLING OF CONFIDENTIAL INFORMATION .............16

A.  Security of Materials ..........................16

B.  Depositions ....................................17

C.  Filing With the Court Under Seal ..............18

V.   OBJECTIONS AND DISPUTES ..........................19

A.  Duty to Explore and Negotiate Compromise .......19

B.  Motion For Relief from Designation .............19

C.  Filing Joint Stipulation or Supplemental Memoranda

Under Seal ..................................20

VI.  ADDITIONAL SIGNATORY PARTIES .....................20

VII.  END OF ACTION ...................................21

A.  Final Disposition of Confidential Information ..21

B.  Disposition of the Disclosure Files ...........21

C.  Survival of Order's Terms .....................22

VIII.  LIMITATIONS ON SCOPE OF ORDER .................22

A.   No Effect on Disclosure of Party's Own

     Information ................................22

B.   No Effect on Disclosure to Author or

     Addressees ................................23

C.   No Applicability to Known or Public Information 23

D.   No Effect on Discovery ........................23

IX.   INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL .....23

X.   CONTROL BY COURT ................................25

A.   Submission to Court's Jurisdiction ............25

B.   Violation of Order ............................25

IX.   MODIFICATION OF ORDER ..........................25

XII.   EXECUTION AND BINDING EFFECT ....................26

## I. DEFINITIONS

The following definitions shall apply in this Order:

(a)  "Action" shall mean the above-captioned action.

(b)  "Confidential Information" shall mean all Information bearing or requested to bear either of the designations "[Party Name] CONFIDENTIAL" or "[Party Name]

CONFIDENTIAL - FOR COUNSEL ONLY" because a Designating Party believes in good faith that such Information is a trade secret within the definition of California Civil Code Section 3426.1 or otherwise of such a significant sensitive, confidential or proprietary nature that its unrestricted disclosure would damage such Designating Party, such Information comprising sensitive technical information such as inventor or laboratory notebooks, research and development records and reports, manufacturing or testing documentation, blueprints, specifications, drawings, schematics, diagrams, parts lists, assembly instructions, production orders, engineering orders, and change orders, or sensitive business and financial information such as sales records, purchasing records, financial records, marketing plans or surveys, confidential correspondence, internal reports and forecasts, and customer lists.

(c) "Counsel of Record" shall mean all outside legal counsel on record with the Court as appearing on behalf of any party to the Action, including all individual attorneys who have appeared in the Action, all attorneys associated with the firm to which such appearing attorneys belong, and all clerical and support personnel associated with such appearing attorneys and/or such firms.  Except as provided herein, the term "Counsel of Record" shall not include any Inside Counsel for any party to the Action, even if such counsel have appeared in

the Action, except by written agreement of the parties to the Action as provided herein.

(d) "Court" shall mean the court issuing this Order.

(e) "Designating Party" as to any particular piece of Confidential Information shall mean every Party whose name appears as [Party Name] in a designation on such piece of Confidential Information, if such Party is a Signatory Party; otherwise, it shall mean the Signatory Party who made such designation.

(f) "Disclose(d)," "Disclosing" or "Disclosure" shall mean disclosed, given, shown, made available, or communicated in any way.

(g) "Information" means, broadly, collectively and inclusively, all documents, materials, information, testimony, and tangible items of any type, whether in the form of depositions, deposition transcripts, exhibits, discovery requests or responses, informally exchanged items or otherwise, and whether obtained by inspection of files or facilities, production of documents, promulgation of or response to discovery, response to subpoena, informal exchange, identification of documents previously gathered, or otherwise, and whether intentionally or inadvertently exchanged or obtained.

**[PROPOSED] STIPULATED PROTECTIVE ORDER RE CONFIDENTIALITY**
**Case No. CV 07-4007-AHM (SSx)**

(h) "Inside Counsel" shall mean all legal counsel for any Party in the Action who are not Counsel of Record in the Action, including all such individual attorneys, all attorneys associated with the firm to which such individual attorneys belong, and all clerical and support personnel associated with such individual attorneys and/or such firms.

(i) "Order" shall mean this protective order.

(j) "Party" shall mean, inclusively:  i) every party to the Action, along with such party's directors, officers, employees, and managing agents; ii) every person or entity not a party to the Action who Discloses Information in this Action, through discovery or otherwise; iii) every person or entity not a party to the Action who receives Confidential Information; and iv) every person or entity not a party to this Action whose Information is or may be, through discovery or otherwise, in this Action Disclosed between parties to this action or to third parties or filed with this Court.

(j) "Signatory Party" shall mean the parties to the Action whose stipulation appears below, and any Party who has signed a written agreement in the form attached hereto as Exhibit A and transmitted such agreement to Counsel of Record as provided herein.

///

## II.  DESIGNATION OF MATERIALS

### A.  Two Levels of Designation

The designation "[Party Name] CONFIDENTIAL" may be applied by any Signatory Party to any Information which such Signatory Party believes in good faith may constitute, contain, reveal or reflect the proprietary or confidential financial, business, technical, personnel or related information of the Party whose name appears in the designation.

The designation "[Party Name] CONFIDENTIAL - FOR COUNSEL ONLY" may be applied by a Signatory Party to any Information which such Signatory Party believes in good faith may constitute, contain, reveal or reflect the proprietary or confidential, financial, business, technical, personnel or related information of the Party whose name appears in the designation and may be so highly sensitive and confidential as to require the possession of such Information to be limited to Counsel of Record only.

### B. Signatory Parties Able to Designate

Any Information may be designated by the Signatory Party producing the Information, or by any other Signatory Party who believes in good faith such Information may qualify as Confidential Information.  Any Signatory Party may request that such Information in the possession of other Parties be

designated as the Confidential Information of any Party at either level of sensitivity, upon which request such other Parties shall promptly affix the appropriate legends to such Information.  Only Signatory Parties may make such designation or request.

### C. Manner of Designating Documents and Things

A Signatory Party shall designate a document as Confidential Information by causing to be placed on each page thereof the legend either "[Party Name] CONFIDENTIAL" or "[Party Name] CONFIDENTIAL - FOR COUNSEL ONLY" as appropriate. A designation of Confidential Information as to any thing of which inspection or sampling has been requested shall be made by placing the appropriate legend on the thing or container within which it is stored, or by some other means of designation agreed upon by the Designating Party.  Where possible, all documents and things shall be marked prior to the provision of a physical copy thereof.  Alternatively, Information may be made available without designation for initial inspection by Counsel of Record for the requesting (receiving) Party prior to the furnishing Party producing copies, replicas, or depictions of selected items.  Such initial inspection shall be performed by Counsel of Record for the receiving Party who are permitted access to Confidential Information of the sensitivity level of "CONFIDENTIAL - FOR

COUNSEL ONLY," and shall not constitute a waiver of confidentiality with respect to any Information so inspected.

### D. Manner of Designating Depositions

Any Signatory Party may, at the commencement of any deposition or oral or written examination, temporarily designate the entire deposition or examination or entire sections thereof as Confidential Information of any Party of either level of sensitivity.  Such Designating Party or any other Signatory Party may, within thirty (30) calendar days after receipt of the transcript of such deposition or examination, mark with the appropriate legend those pages of such transcript as the Designating Party deems to be Confidential Information and shall notify the other Parties and the court reporter in writing which pages are so designated. Regardless whether such permanent designation is performed and notice given, any temporary designation of confidentiality shall expire thirty (30) days after receipt of such transcript by the Designating Party.

### E. Multiple Party Designations

Any item of Confidential Information may bear a designation of either level of sensitivity of more than one Party.  Such Confidential Information shall be treated according to the highest sensitivity designation it bears.

## F. Inadvertent Failure to Designate

Except as otherwise provided herein, inadvertent failure to designate Disclosed information or material as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" shall not be deemed a waiver of any claim of confidentiality as to such information or material, and such failure may be corrected by supplemental written notice of designation.  Treatment of such Disclosed information or material in a non-confidential manner by a receiving Party prior to such supplemental written notice of designation shall not be deemed a breach of this Order. However, upon receipt of the supplemental written notice of designation such Disclosed information or material shall become Confidential Information and be treated accordingly under this Order.  Such receiving Party shall retrieve, to the extent reasonably possible, such information or material and any material derived from or containing such information or material.

## G. Legal Effect of Designation

The designation by a Designating Party of any Information as Confidential Information is intended solely to facilitate discovery in this action, and neither such designation nor treatment in conformity with such designation shall be construed in any way as an admission or agreement by any Party that such designated Information constitutes or contains any

trade secret or information of a confidential or proprietary nature.

## III. DISCLOSURE OF CONFIDENTIAL INFORMATION

### A. Lower-Sensitivity Information ("Confidential")

Except as provided in Subsections C, D, and E below, Confidential Information designated at the sensitivity level of "CONFIDENTIAL" and all information derived therefrom (excluding such information as is derived lawfully from an independent source) shall not be Disclosed to any person or entity other than Counsel of Record, the parties to the Action along with such parties' directors, officers, employees, and managing agents, and third parties to whom Counsel of Record for a party to the Action reasonably believe Disclosure of such Confidential Information may lead to discovery of admissible evidence.   Confidential Information of this level of sensitivity shall be used only for the purposes of this litigation, and shall not directly or indirectly be used for any business, financial or other purpose whatsoever.

Before Disclosing Confidential Information of this level of sensitivity to any person or entity other than Counsel of Record, the parties to the Action, or such parties' directors, officers, employees, or managing agents, the person to whom such information is to be Disclosed shall execute and deliver to the Attorney of Record for the Disclosing Party a written

agreement substantially in the form attached hereto as Exhibit A.

### B. Higher-Sensitivity Information ("For Counsel Only")

Except as provided in Subsections C, D, and E below, Confidential Information designated at the sensitivity level of "CONFIDENTIAL – FOR COUNSEL ONLY" and all information derived therefrom (excluding such information as is derived lawfully from an independent source) shall not be Disclosed to any person or entity other than Counsel of Record.  Confidential Information of this level of sensitivity shall be used only for the purposes of this litigation, and shall not directly or indirectly be used for any business, financial or other purpose whatsoever.

Nothing in this Section or this Order shall prevent or restrict Counsel of Record from rendering advice to their clients and basing such advice generally on Confidential Information of this higher level of sensitivity; however, in rendering such advice and otherwise communicating with clients, Counsel of Record shall not make specific Disclosure of such Confidential Information or items contained therein except as provided herein.

///

///

## C. Inside Counsel

Inside Counsel, even if such counsel have appeared in the Action, shall not be considered Counsel of Record for purposes of this Order except by written agreement of the parties to the Action substantially in the form attached hereto as Exhibit B. Copies of any such agreement shall be promptly transmitted to all Designating Parties. As to Confidential Information of parties to the Action, such agreement shall operate prospectively and retrospectively; however, no Confidential Information of a Designating Party not a party to the Action, which Confidential Information was received by a Party prior to such an agreement, shall be shown to such receiving Party's Inside Counsel who is the subject of that agreement, unless such Designating Party executes the agreement or otherwise consents.

## D. Outside Experts and Consultants

Confidential Information of either level of sensitivity may be shown to outside experts or outside consultants, together with their clerical and support personnel, who are or may be retained by a party to the Action in connection with case preparation, discovery, motions, and/or trial in this action, provided that before Disclosure to any such expert or consultant, the person to whom such information is to be

Disclosed shall execute a written agreement substantially in the form attached hereto as Exhibit A.

**E. Recordkeeping**

A file (hereinafter referred to as a "Disclosure File") shall be maintained by Counsel of Record for a Disclosing Party of all written agreements signed by persons to whom Confidential Information has been Disclosed and by all Parties becoming Signatory Parties, which shall be made available for inspection and copying by any Party on request. A list of all Counsel of Record and all Inside Counsel agreed to be treated as Counsel of Record ("Counsel List") shall also be maintained in the Disclosure File by all Counsel of Record and shall be made available to any Party upon request. The Counsel List shall include all individual outside attorneys who have appeared in the Action; however, the Counsel List need not include all attorneys associated with the firm to which such appearing attorneys belong, nor clerical and support personnel associated with such appearing attorneys.

**IV. HANDLING OF CONFIDENTIAL INFORMATION**

**A. Security of Materials**

All Parties receiving Confidential Information shall maintain it in a secure and safe area and exercise due and

proper care with respect to its storage, custody and use, so as to prevent its unauthorized or inadvertent Disclosure.

**B. Depositions**

Any court reporter who reports the testimony in this Action at a deposition shall agree, before reporting any such testimony involving Confidential Information, that all Confidential Information is and shall remain confidential and shall not be Disclosed except to Counsel of Record and any other person who is present while such testimony is being given, and that any copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter or shall be delivered to Counsel of Record for the Designating Party or to the Court.

A Designating Party shall have the right to exclude from any portion of a deposition during which testimony designated at a particular level of sensitivity is taken, all persons except the deponent and deponent's counsel, the court reporter and other recording staff, and such persons as are permitted access under this Order to view Confidential Information of such level of sensitivity.

///

///

## C. Filing With the Court Under Seal

All information designated as Confidential Information which is filed or lodged with the Court, or any pleading or memorandum that contains a sufficient amount of such Confidential Information that its public disclosure would harm the Designating Party of such Confidential Information, shall be filed or lodged under seal, according to the procedures in Local Civil Rule 79-5.1, et seq.

Upon failure or default of the filing or lodging Party to properly file or lodge such information under seal, any Designating Party who in good faith believes that designation and filing under seal may be required may, within fourteen (14) calendar days of learning of the defective filing or lodging, request that such filing or lodging be made under seal, pursuant to Local Civil Rule 79-5.1, et seq. Notice of such request shall be given to all Counsel of Record. Pending the ruling on the application to seal, the papers or portions thereof subject to the sealing application shall be removed from the public file and treated as lodged under seal. Nothing in this Section relieves a Party of liability for damages caused by failure to properly file such information under seal. This Section shall not prevent an appropriately marked second copy of any paper specifically intended for review by the Court from being hand-delivered to the Court to assure that the same is brought promptly to the Court's attention.

## V. OBJECTIONS AND DISPUTES

### A. Duty to Explore and Negotiate Compromise

Upon any objection to Disclosure or any dispute regarding designation of any Confidential Information, the Designating Party and the Party seeking Disclosure shall attempt in good faith to explore and negotiate compromise permitting such challenged Disclosure to go forward, such compromise including without limitation narrowing the scope of Confidential Information to be Disclosed, narrowing the scope of the objection, or implementing special or additional protections against Disclosure or misuse.  Except by stipulation of the disputing Parties, such duty shall not be considered discharged until three (3) business days have elapsed without agreement. This Section shall be in addition to and not in replacement of any meet-and-confer or other negotiation or compromise procedures or requirements imposed by this Court or any procedural rule applicable to the Action.

### B. Motion For Relief From Designation

If, subsequent to any Signatory Party's receipt of Information designated as Confidential Information or receipt of a request that Information in its possession be designated as Confidential Information, it shall appear to such Signatory Party that any such information is not of a nature warranting the protection or level of sensitivity afforded hereunder, and

the disputing Parties are unable to reach an agreement or compromise regarding the designation as provided in Subsection A above, such Signatory Party may challenge such designation using the procedures set forth in Local Civil Rule 37. The Designating Party shall bear the burden of proof that any designated material meets the requirements for such designation.

### C. Filing Joint Stipulation or Supplemental Memoranda Under Seal

If one or more parties wish to file under seal the Joint Stipulation required by Local Rule 37 or Supplemental Memoranda made available by Local Rule 37, the parties may file a stipulation to that effect, or either party may file an ex parte application making the appropriate request. Such stipulation or application shall set forth good cause for filing the Joint Stipulation and/or Supplemental Memoranda under seal.

### VI. ADDITIONAL SIGNATORY PARTIES

Any Party may become a Signatory Party at any time by signing a written agreement in the form attached hereto as Exhibit A and transmitting such agreement to Counsel of Record for any party to the Action. Upon becoming a Signatory Party, such Party shall thereupon become a Designating Party as to any

piece of Confidential Information bearing a confidentiality designation in such Party's name.

## VII. END OF ACTION

### A. Final Disposition of Confidential Information

Upon the final disposition of this action, except as provided herein, each Party shall promptly:  i) return to the Designating Party, destroy, or see to the destruction by third parties of all Confidential Information and all copies made thereof; ii) destroy or see to the destruction of all writings related thereto, including but not limited to notes, analyses, memoranda or reports provided to or by any other persons; and iii) certify to the Designating Party that such return or destruction has been performed.  Counsel of Record may retain file copies of Confidential Information, provided that such Information shall continue to be handled according to the protections of this Order, and provided that Counsel of Record shall immediately notify any Designating Party of any attempt by third parties to inspect or copy Confidential Information designated by or belong to such Designating Party.

### B. Disposition of the Disclosure Files

Upon the final disposition of this action, except as provided herein, each Disclosing Party shall promptly provide to the Designating Party the Disclosing Party's original

Disclosure File, including all originals of the executed non-disclosure agreements as described in Section III, above.

### C. Survival of Order's Terms

Absent written modification hereof by the affected Signatory Parties hereto or by further order of the Court, the provisions of this Order that restrict the Disclosure and use of Confidential Information shall survive the final disposition of the Action and continue to be binding on all persons subject to the terms of this Order, and the Court shall retain continuing jurisdiction to enforce this Order.

### VIII. LIMITATIONS ON SCOPE OF ORDER

### A. No Effect on Disclosure of Party's Own Information

Regarding any Confidential Information designated as belonging to a Party, nothing contained in this Order shall affect the right of such owning Party to Disclose such Information to its own officers, directors, employees, managing agents, partners or consultants or to otherwise use such Information as it desires, nor the right of any other Party to Disclose such Information to such owning Party's officers, directors, employees, managing agents, partners or consultants, unless such Information has also been designated as Confidential Information of another Party.

///

## B. No Effect On Disclosure to Author or Addressees

Nothing contained in this Order shall affect the right of a Party to Disclose any Confidential Information to the author, addressees or any recipient of any such Information, or to any person who has seen or is otherwise familiar with such Information.

## C. No Applicability to Known or Public Information

The restrictions on use or dissemination of Confidential Information shall not apply to:  i) Information which prior to Disclosure hereunder is in the possession or knowledge of a receiving Party who, absent this Order, is under no restriction regarding its use or dissemination; or ii) Information which is public knowledge prior to Disclosure or which after Disclosure becomes public knowledge other than through a wrongful act or omission of a Party receiving the Information.

## D. No Effect on Discovery

This Order shall not preclude or limit the right of any Party to take or oppose discovery on any ground which would otherwise be available.

## IX.   INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL

In the event that a Party inadvertently Discloses to any other Party information or material that are privileged in

[PROPOSED] STIPULATED PROTECTIVE ORDER RE CONFIDENTIALITY
Case No. CV 07-4007-AHM (SSx)

whole or in part pursuant to the attorney-client privilege, work product doctrine, or other applicable privilege, such privilege shall not be deemed waived so long as the Party inadvertently Disclosing the information or material claimed to be privileged provides written notice of the inadvertent disclosure within fourteen (14) calendar days of the date on which such Party becomes aware of such inadvertent Disclosure. Upon receipt of such notice, a receiving Party may retain such Disclosed information or material claimed to be privileged solely for the purpose of applying to the Court for relief from such claim of privilege, using the procedures set forth in Local Civil Rule 37. Otherwise, a receiving Party shall return any such Disclosed information or material to the Disclosing Party or destroy any and all copies of it. The Joint Stipulation required by Local Rule 37 or Supplemental Memoranda made available by Local Rule 37 may be requested to be filed under seal, according to the provisions of Section V(D) above.

A receiving Party shall not take the position that the Disclosed information or material is not privileged on the ground of inadvertent Disclosure in this Action. Any other grounds of objection of a receiving Party to the claim of privilege shall be retained, including the ground that such Disclosed information or material has lost its privilege due to the manner of its handling or public exposure since being inadvertently Disclosed.

## X. CONTROL BY COURT

### A. Submission to Court's Jurisdiction

Each Signatory Party and each person to whom Disclosure of any designated Confidential Information is made shall be subject to and hereby submits to the jurisdiction of this Court for purposes of enforcing this Order, including without limitation injunction proceedings or contempt proceedings.

### B. Violation of Order

In the event anyone shall violate or threaten to violate any term of this Order, any aggrieved Signatory Party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Order, and in such event no respondent subject to this Order shall employ as a defense the existence of an adequate remedy at law. If any Confidential Information is Disclosed in violation of this Order, such Confidential Information shall not lose its status through such Disclosure, and the Parties shall take all steps reasonably required to assure the continued confidentiality of such Confidential Information.

### XI. MODIFICATION OF ORDER

This Order shall not prevent any Signatory Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or

prevent all affected Signatory Parties from agreeing between themselves, subject to the approval of the Court, to modification of this Order.

## XII. EXECUTION AND BINDING EFFECT

This Order may be executed in counterparts, each of which shall be considered an original hereof.  This Order shall become effective and binding as an agreement between the three parties to the Action upon the last of them to execute it. This Order shall thereafter become effective and binding on each later added Signatory Party as an agreement among it and all other Signatory Parties when executed by each such later-added Signatory Party.  The agreement's binding effects set forth in this paragraph shall operate regardless of whether or when the Court enters its order hereon.

Pursuant to stipulation and for good cause shown,

*The parties have demonstrated good cause for the designated information to be kept confidential during the discovery process.*

IT IS SO ORDERED.

*SVS*

DATED: *11/13/08*

*[signature]*

Suzanne H. Segal

United States Magistrate Judge

~~all future discovery filings shall~~
~~following language~~
~~"[Referred to magistrate judge]"~~
~~Suzanne H. Segal]"~~

[PROPOSED] STIPULATED PROTECTIVE ORDER RE CONFIDENTIALITY
Case No. CV 07-4007-AHM (SSx)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

**NON-DISCLOSURE AGREEMENT**

**JOINING STIPULATED PROTECTIVE ORDER**

I, _____, declare under penalty of perjury under the laws of the United States that:

I am signing for: [ ] Myself   [ ] Joining Party

Name of present employer or Joining Party:

_____

Address: _____

_____

Corporate title, occupation or job description:

_____

_____

I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the stipulated protective order (the "Order") in the matter of Evanston Insurance Company v. Russell Associates, LLC, *et al.* in the United States District Court for the Central District of California, Western Division, Case No. CV07-4007 (the "Action"), U.S. District Court, Central District of California (the "Court"), and that I or the Joining Party on whose behalf I sign (the "Signatory") will not use or Disclose

1  to anyone any of the contents of any Confidential Information

2  received under the protection of the Order except as permitted

3  by the Order, and that the Signatory shall be bound by all

4  terms and conditions of the Order.  The Signatory hereby

5  submits to the Court's jurisdiction to enforce the Order

6  against it.

7

8         The Signatory understands that all copies of any

9  Confidential Information it receives must be retained in a safe

10  place in a manner consistent with the Order, and that all

11  copies must remain in its custody until the conclusion of its

12  involvement in the Action, whereupon all such Confidential

13  Information must be returned or destroyed as specified in the

14  Order.  The signatory acknowledges that such return or

15  destruction shall not relieve it from any of the continuing

16  obligations imposed upon it by the Order.

17

18         Dated: _____   Signed: _____

19

20

21

22

23

24

25

26

27

28

1
2

**EXHIBIT B**

3

**AGREEMENT AS TO INSIDE COUNSEL**

4
5        Pursuant to the terms of the Protective Order ("the
6  Order") in the matter of Evanston Insurance Company v. Russell
7  Associates, LLC, *et al.* in the United States District Court for
8  the Central District of California, Western Division, Case No.
9  CV07-4007 (the "Action"), the parties to said Action, by and
10 through undersigned counsel, along with optional undersigned
11 Signatory Parties not party to the Action, hereby stipulate and
12 agree that _____, Inside Counsel[1] for a party to
13 the Action _____, may be considered as Counsel
14 of Record for all purposes of the Order, including but not
15 limited to receipt and inspection of Confidential Information
16 designated "For Counsel Only."

17
18                          BOLENDER & ASSOCIATES,
19                          A Professional Law Corporation
20
21  Dated: _____        By: _____
                                Jeffrey S. Bolender
22                              Daniel F. Sanchez
                                Attorneys for Plaintiff,
23                              Evanston Insurance Company
24  _____
25 [1]"Inside Counsel" shall mean all legal counsel for any party in
       the Action who are not Counsel of Record in the Action,
26     including all such individual attorneys, all attorneys as-
       sociated with the firm to which such individual attorneys
27     belong, and all clerical and support personnel associated
       with such individual attorneys and/or such firms.
28
                                                              29

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LERNER & MCDONALD

Dated: _____     By: _____

John C. Scholz
Attorneys for Defendants/Third
Party Plaintiffs,
Russell Associates, LLC, Landmark
Equity Management, Inc., and Darren
Stern


WORTHE, HANSON & WORTHE,

Dated: _____     By: _____

Todd C. Worthe
Attorneys for Third Party
Defendants,
Wang Ming-Ruoh, Jiun Shiaw Wang,
and March Insurance Services

OPTIONAL SIGNATORY PARTY:

Date: _____   Name: _____

By: _____

**[PROPOSED] STIPULATED PROTECTIVE ORDER RE CONFIDENTIALITY**
**Case No. CV 07-4007-AHM (SSx)**